**THE SCHOOL BOARD OF THE PARISH OF ST. CHARLES, et al.**

v.

**QUALA SYSTEMS, INC. d/b/a Quala Wash.**

No. CIV. A. 00–2894.

United States District Court, E.D. Louisiana.

March 30, 2001.

Roy Miller Lilly, Jr., Law Office of Roy Lilly, Jr., Minden, LA, Andrew Allen Lemmon, Lemmon Law Firm, Hahnville, LA, for Plaintiffs.

Howard J. Daigle, Jr., James L. Bradford, III, Seale, Daigle & Ross, Covington, LA, for Defendant.

DUVAL, District Judge.

Before the Court is plaintiffs Motion to Remand Removed Action to Collect Local Taxes (doc. 3). The motion was set for hearing on November 22, 2000 and was taken on the briefs without oral argument. The Court has considered the pleadings, memoranda and relevant law and finds that the motion shall be denied for the reasons that follow.

## I. Background

On August 24, 2000, St. Charles Parish School Board and the St. Charles Parish Council filed a Petition for Taxes, Penalties, Interest, and Attorney Fees in the Twenty–Ninth Judicial District Court for the Parish of St. Charles, State of Louisiana. Plaintiffs allege that defendant Quala Wash owes sales, use, lease or sales of service taxes, late penalties, and interest under several local ordinances, namely, Louisiana Revised Statutes 47: 1542, 1602, 1605, and 1512. *See* Petition at ¶¶ 5–10.

On September 27, 2000, Quala Wash removed the action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs are political subdivisions of the State of Louisiana and defendant is a Delaware Corporation with its principal place of business in Tampa, Florida. Neither side contests the completely diverse nature of the parties or that the jurisdictional amount is satisfied.

On October 30, 2000, plaintiffs filed the instant Motion to Remand Removed Action to Collect Local Taxes with the Court, asserting that despite the existence

of diversity, principles Eleventh Amendment immunity, 28 U.S.C. § 1341 ("The Tax Injunction Act"), and principles of federal court comity with respect to state or local tax affairs prevent the Court from properly exercising jurisdiction over this matter. Defendant argues that, under Supreme Court jurisprudence, the Tax Injunction Act is clearly inapplicable to the facts of this matter. As to the Eleventh Amendment argument, it points out that plaintiffs, as political subdivisions, do not qualify as the state for purposes of the Eleventh Amendment. With this background in mind, the Court turns to the relevant legal standards.

## II. Analysis

### A. Sovereign Immunity

■ Plaintiffs assert that it is protected from suit by the Eleventh Amendment, which mandates that, "[t]he judicial power of the United States shall not be construed to extend to any suit, in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or subjects of any foreign state." U.S. Const., amend. XI. "In order to enjoy Eleventh Amendment immunity, the School Board must prove that it is an arm of the State, rather than an entity possessing" "an identity sufficiently distinct from that of the State of Louisiana." *The School Board of the Parish of St. Charles v. Roxco, Ltd.*, 2001 WL 283094 at *1 (E.D.La.2001) (*quoting Pendergrass v. Greater New Orleans Expressway Comm'n*, 144 F.3d 342, 344 (5th Cir. 1998)). In that regard, "[b]oth the Louisiana courts and the federal district courts in Louisiana have consistently held that school boards are autonomous political subdivisions and not the alter ego of the state from the standpoint of sovereign immunity." *Moore v. Tangipahoa Parish School Board*, 594 F.2d 489, 494 (5th Cir.

1979) (citations omitted); *The School Board of the Parish of St. Charles v. Roxco, Ltd.*, 2001 WL 283094 (E.D.La.2001). Similarly, it is well-recognized that "the eleventh amendment constitutes no bar to suit against parishes." *U.S. v. Parish of St. Bernard*, 756 F.2d 1116, 1126 (5th Cir. 1985); *New York Life Insurance Co. v. Plaquemines Parish Commission Council*, 1991 WL 161512, at *2 (E.D.La.1991) (citations omitted); See generally, Wright, Miller & Cooper, *Federal Practice and Procedure*, § 4211 (11th Amendment does not apply to lesser governmental units within a state). The law in the Fifth Circuit is clear and unfavorable to plaintiffs' arguments. Plaintiffs do not fall within the aegis of the Eleventh Amendment.

■ Even were plaintiffs considered arms of the state under the Eleventh Amendment, a plain reading of the text of the Eleventh Amendment teaches that sovereign immunity is inapplicable to the matter before the Court. Indeed, the United States Court of Appeals for the Fifth Circuit has stated that "we have shaped the contours of Eleventh Amendment immunity to comport with the common-sense notion that a plaintiff cannot avoid the sovereign immunity bar by suing a state agency or an arm of the State rather than the State itself." *Richardson v. Southern University*, 118 F.3d 450, 452 (5th Cir. 1997). In *Huber, Hunt & Nichols, Inc. v. Architectural Stone Co.*, 625 F.2d 22 (5th Cir.1980), the Court of Appeals clearly stated that "[o]f course, the eleventh amendment is inapplicable where a state is the plaintiff." *Id.* at 24, n. 6. *See also Thomas v. FAG Bearings Corporation*, 50 F.3d 502, 507 (8th Cir.1995) (state waives eleventh amendment when it participates as plaintiff). In this case, even were the movants found to be arms of the state, the eleventh amendment would remain inapplicable because the "state" would be the

plaintiff, not a defendant. In this case, such a distinction is not critical because the plaintiff is not an arm of the state for purposes of the eleventh amendment.

### B. Tax Injunction Act

■ Title 28, section 1341 of the United States Code provides that "[t]he district courts shall not enjoin, suspend, or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. It is plaintiffs argument that the Tax Injunction Act provides a broad restriction on federal jurisdiction in suits that impede state tax administration. Defendant argues that the matter sub judice is a tax collection case and as such falls under the holding of *Jefferson County, Alabama v. Acker*, 527 U.S. 423, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999), which held the Tax Injunction Act inapplicable to tax collection suits.

■ The statute "is meant to be a broad jurisdictional impediment to federal court interference with the administration of state tax systems." *See American Civil Liberties Union Foundation of Louisiana v. Crawford*, 2000 WL 1273406 (E.D.La.)(*quoting United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 326 (5th Cir.1979)). The text of the statute is to be enforced according to its terms. *Jefferson County, Alabama v. Acker*, 527 U.S. 423, 433, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999) (*quoting Arkansas v. Farm Credit Services of Central Arkansas*, 520 U.S. 821, 826–27, 117 S.Ct. 1776, 138 L.Ed.2d 34 (1997)). "By its terms, [however] the Act bars anticipatory relief, suits to stop ('enjoin, suspend, or restrain') the collection of taxes. Recognizing that there is 'little practical difference' between an injunction and anticipatory relief in the form of a declaratory judgment, the Court has held

that declaratory relief falls within the Act's compass." *Jefferson County, Alabama v. Acker*, 527 U.S. 423, 433, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999) (citation omitted). The Fifth Circuit had articulated two main purposes underlying the Tax Injunction Act: to eliminate unjust discrimination between citizens of the State and foreign corporations and to eliminate the disruption of State financing efforts by foreign corporations via actions brought in federal court against local tax officials. *See Hargrave v. McKinney*, 413 F.2d 320 (5th Cir.1969), *vacated on other grounds*, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196; *American Civil Liberties Union Foundation of Louisiana v. Crawford*, 2000 WL 1273406 (E.D.La.2000); *See also Jefferson County, Alabama v. Acker*, 527 U.S. 423, 435, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999) ("Congress, it appears, sought particularly to stop out-of-state corporations from using diversity jurisdiction to gain injunctive relief against a state tax in federal court, an advantage unavailable to in-state taxpayers denied anticipatory relief under state law").

■ All federal review of state tax systems is not foreclosed by the Tax Injunction Act, however. The Supreme Court has specifically held that a suit to collect a tax is "surely not brought to restrain state action, and therefore does not fit the Act's description of suits barred from federal district court adjudication." *Jefferson County*, 527 U.S. 423, 433–34, 119 S.Ct. 2069; *see also Louisiana Land & Exploration Co. v. Pilot Petroleum Corp.*, 900 F.2d 816, 818 (5th Cir.1990) ("Section 1341 does not, however, preclude federal court jurisdiction over a suit brought to collect a state tax rather than to enjoin, suspend, or restrain the collection of taxes"); *Carrollton–Farmers Branch Indep. School Dist. v. Johnson & Cravens*, 858 F.2d 1010 (5th Cir.1988); *American Civil Liberties Un-*

*ion Foundation of Louisiana v. Crawford,* 2000 WL 1273406 at * 1 (E.D.La.2000); *Irving Independent School District v. Packard Properties, Ltd.,* 741 F.Supp. 120, 122 (N.D.Tex.1990); Wright, Miller & Cooper, *Federal Practice and Procedure,* § 4237, fn. 15 (2000). Plaintiffs seek to distinguish *Jefferson County* because the court's jurisdiction in that case was based upon the federal officer removal statute, 28 U.S.C. § 1442(a)(3), and not diversity 'of citizenship. However, in *Jefferson County* the Court did not base its holding upon the type of federal subject matter jurisdiction established and gave no indication that diversity jurisdiction under the Tax Injunction Act would be analyzed in a different manner.

Plaintiffs attempt to distinguish *Jefferson County* is unpersuasive. Moreover, the case before this court is nearly identical to *The School Board of The Parish of St. Charles et al. v. Roxco, Ltd.,* 2001 WL 283094 (E.D. La 3/21/01), where the district court held that the plaintiff's collection suit was not barred by the Tax Injunction Act. In that case, the court stated that "[the suit] is undoubtedly a collection action rather than an action seeking to enjoin, suspend, or restrain the collection of a tax. Furthermore, the Defendants have not indicated that they intend to avoid or impede payment of the taxes in question through the use of anticipatory relief. Therefore...the Tax Injunction Act does not apply...." *The School Board of the Parish of St. Charles, et al. v. Roxco, Ltd.,* 2001 WL 283094 at *2 (E.D.La.3/21/01).

In the instant case, plaintiffs are not out-of-state corporations and are not seeking anticipatory relief. They are attempting to collect taxes from a defendant who failed to file tax returns. As plaintiffs seek the collection of a state tax their suit is not subject to jurisdictional dismissal under the Tax Injunction Act.

The Court does note that rather than seeking to enjoin the collection of a tax, this defendant has chosen not to pay it. The political subdivision sought to collect it and the defense is that the tax is invalid. This Court cannot discern the difference in the federal courts abstaining in an injunction context and adjudicating in a collection context, Nonetheless, the Court is bound to follow *Jefferson County* and thus the ruling rendered herein. The Court is also aware that in some instances abstention might be appropriate, *see Jefferson County,* 527 U.S. at 435 n. 5, 119 S.Ct. 2069, however this argument was not raised by the plaintiff and it is not manifestly evident such that the Court would abstain *ex proprio motu.* Accordingly,

**IT IS ORDERED** that the motion to remand is **DENIED.**