**CITY OF PHILADELPHIA, Plaintiff,**

v.

**OPINION DYNAMICS CORPORATION, John W. Gorman, Officer, and Ernest Paicopolos, Officer, Defendants.**

**No. Civ.A.01–689.**

United States District Court,
E.D. Pennsylvania.

Feb. 6, 2002.

Marissa M. O'Connell, Philadelphia, PA, for plaintiff.

Alan R. Hoffman, Lynch, Brewer, Hoffman & Sands, Boston, MA, Henry H. Janssen, Janssen & Keenan, P.C., Philadelphia, PA, for defendants.

## OPINION

POLLAK, District Judge.

This case arises out of efforts by the City of Philadelphia ("the City") to collect

wage taxes from McGinley Research, Inc., d/b/a Research Corporation of America ("McGinley"). Under the City's Wage and Net Profits Tax Ordinance, Philadelphia Code § 19–1500 et seq., employers are required to deduct city wage taxes from the wages of their employees and file quarterly returns and tax payments. The City contends that McGinley failed to file wage tax returns or pay its wage taxes for the second and third quarters of 1995. The City accordingly filed a complaint in state court against McGinley to collect those taxes, but that complaint was dismissed because McGinley is bankrupt.

The City now seeks to collect McGinley's unpaid taxes from Opinion Dynamics Corporation ("ODC") and two of ODC's officers, John W. Gorman and Ernest Paicopolos. The City alleges that ODC controlled McGinley's business affairs after mid–1995 and withheld wage taxes from McGinley's employees, but failed to file McGinley's tax returns or pay its wage taxes. As a result, the City filed a collection action against ODC in the Philadelphia County Court of Common Pleas on January 12, 2001. On February 9, 2001, the defendants removed the action from state court to the Eastern District of Pennsylvania, alleging federal jurisdiction based on diversity of citizenship.[1] The City moves for remand, contending that the Tax Injunction Act, 28 U.S.C. § 1341, deprives this court of jurisdiction.

In its entirety, 28 U.S.C. § 1341 provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

The City argues that, in resisting collection of the disputed wage taxes, the defendants are, in effect, asking that this court "enjoin, suspend or restrain the assessment, levy or collection" of a municipal tax, within the meaning of the Tax Injunction Act,[2] and hence that this removed suit must be remanded for lack of jurisdiction. In response, the defendants contend that under the Supreme Court's decision in *Jefferson County v. Acker*, 527 U.S. 423, 435, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999), the Tax Injunction Act does not apply to this case.

In *Jefferson County*, the Court examined, *inter alia*, whether the Tax Injunction Act prevented a federal court from hearing a suit originally filed by Jefferson County, Alabama, in an Alabama small claims court. The county's suit sought to collect occupational taxes allegedly owed by two federal district judges. The judges removed the case to federal district court, alleging that the tax violated the intergovernmental tax immunity doctrine. As part of its ruling that there was federal question jurisdiction over the case, the Supreme Court held unanimously that the Tax Injunction Act did not preclude such

---

1. In the three counts of its complaint, the City seeks to recover a total of $77,333.50, including back taxes, penalties, interest, anticipated court costs, anticipated collection costs, and attorneys' fees. ODC is a Massachusetts corporation with its principal place of business in Massachusetts, John W. Gorman and Ernest Paicopolos are residents of Massachusetts, and the city of Philadelphia is a citizen of Pennsylvania for jurisdictional purposes, *see Loeb v. Columbia Township Trustees*, 179

U.S. 472, 21 S.Ct. 174, 180, 45 L.Ed. 280 (1900).

2. Municipal taxes fall within the purview of the Tax Injunction Act. *See Home Builders Assn. v. City of Madison*, 143 F.3d 1006, 1010 n. 6 (5th Cir.1998) ("It is well-settled that the statute applies not only to taxes imposed by states, but also to those imposed by municipalities.").

jurisdiction.[3] Justice Ginsburg, writing for the Court, noted that:

> By its terms, the Act bars anticipatory relief, suits to stop ("enjoin, suspend or restrain") the collection of taxes.... But a suit to · collect a tax is surely not brought to restrain state action, and therefore does not fit the Act's description of suits barred from federal district court adjudication. *See Louisiana Land & Exploration Co. v. Pilot Petroleum Corp.*, 900 F.2d 816, 818 (C.A.5 1990) ("The Tax Injunction Act does not bar federal court jurisdiction [of a] suit ... to collect a state tax.").
>
> . . . .
>
> The Tax Injunction Act was ... shaped by state and federal provisions barring anticipatory actions by taxpayers to stop the tax collector from initiating collection proceedings. It was not the design of these provisions to prohibit taxpayers from defending suits brought by a government to obtain collection of a tax. Congress, it appears, sought particularly to stop out-of-state corporations from using diversity jurisdiction to gain injunctive relief against a state tax in federal court, an advantage unavailable to in-state taxpayers denied anticipatory relief under state law. *See* [S.Rep. No. 1035, 75th Cong., 1st Sess., 1, 2 (1937)]. In sum, we hold that the Tax Injunction Act, as indicated by its terms and purpose, does not bar collection suits, nor does it prevent taxpayers from urging defenses in such suits that the tax for which collection is sought is invalid.

*Id.* at 433–35, 119 S.Ct. 2069.

This court cannot discern any meaningful distinction between the case at bar and *Jefferson County*. Although the latter case was removed based on federal question jurisdiction, while the instant one was removed based on diversity jurisdiction, the Supreme Court did not suggest that the nature of the underlying federal jurisdiction affected its interpretation of the Tax Injunction Act. *See School Board v. Quala Systems*, 159 F.Supp.2d 295, 299 (E.D.La.2001) ("in *Jefferson County* the Court ... gave no indication that diversity jurisdiction under the Tax Injunction Act would be analyzed in a different manner").

The City argues alternatively that even if *Jefferson County* controls this case, the court should abstain from exercising jurisdiction. The City contends that applying *Jefferson County* on the facts of this case would mean that out-of-state employers could remove to federal court all[4] tax collection cases instituted against them by the City. *See generally Quala Systems*, 159 F.Supp.2d at 299 (recognizing, but questioning, distinction in *Jefferson County* between "seeking to enjoin the collection of a tax" and "cho[osing] not to pay it"). As a result, the City argues, "[p]rinciples of federalism and comity" counsel against the exercise of jurisdiction. For this proposition, the City cites *Keleher v. New England Telephone & Telegraph Co.*, 947 F.2d 547 (2d Cir.1991). In *Keleher*, the Second Circuit considered a diversity action instituted on behalf of the city of Burlington, Vermont, to obtain a declaratory judgment sustaining the city's authority to tax an out-of-state defendant. *Keleher* held that the Tax Injunction Act "creates an absolute jurisdictional bar to

---

**3.** Justice Scalia, joined by the Chief Justice and Justices Souter and Thomas, filed an opinion concurring in part and dissenting. Justice Breyer, joined by Justice O'Connor, filed an opinion concurring in part and dissenting in part. However, all nine Justices joined the portion of the Court's opinion dealing with the Tax Injunction Act.

**4.** More precisely, all those that meet the amount-in-controversy requirement of 28 U.S.C. § 1332.

federal involvement in state and local revenue collection schemes, and that, as a result, a federal court may not play any role at all in the tax enforcement efforts of state or local governments." 947 F.2d at 548. Although the *Jefferson County* Court expressed disagreement with this aspect of *Keleher*, it left untouched the Second Circuit's alternate holding: that "general principles of federal court abstention ... require us to stay our hand here." 947 F.2d at 551 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). Indeed, in *Jefferson County*, the Supreme Court was at pains to point out that, in contrast with the contentions presented in *Keleher*, "[n]o one has argued for the application of [abstention] doctrines here." 527 U.S. at 435 n. 5, 119 S.Ct. 2069.

 Assuming that there may be circumstances in which a federal court should abstain from entertaining a state or local tax collection suit, the case at bar does not, in its present posture, appear to pose the sorts of problems discerned by the Second Circuit in *Keleher*. In that case, the Second Circuit would have been called upon to examine the scope of a city's authority to impose a tax under the laws of the state in which it was located. Here, the defendants do not appear to question Philadelphia's authority to impose the tax in question. Instead, their answer contends that: 1) several of the factual allegations in the City's complaint are inaccurate; 2) the complaint fails to state a claim upon which relief can be granted; 3) the complaint is barred by the applicable statute of limitations; 4) ODC never had actual control over the management of McGinley; 5) the City has failed to join necessary parties; and 6) the taxes at issue have already been paid. Therefore, although this case may well require the court to resolve substantive questions of Pennsylvania law, as cur-

rently framed these questions do not appear to be "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case ... at bar." *Colorado River*, 424 U.S. at 814, 96 S.Ct. 1236 (citing *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959)). Nor does this case implicate any of the other concerns that have, at times, motivated federal courts to abstain from deciding questions of state law in cases properly before them. *See Colorado River*, 424 U.S. at 813–20, 96 S.Ct. 1236 (discussing other grounds for abstention).

For the foregoing reasons, the court will deny the City's motion for remand.